FOURNET, Justice
 

 (dissenting).
 

 The defendant was charged on July 10, 1941, in the first two counts of a bill of information, with having embezzled certain funds of the Department of Conservation of the State of Louisiana during the year 1936. In the third count it is declared: “ * * * although more than one year has elapsed since the commission of the * * * offenses, * * * yet more than one year has not elapsed since the commission of the * * * offenses was made known to the Judge, District Attorney or Grand Jury having jurisdiction thereof * * sM>
 

 It is elementary that the only crimes known to law in this state are statutory. The legislature, by its adoption of Article 8 of the Criminal Code, as amended by Acts Nos. 147 of 1942 and 323 of 1942, has designated the time within which the prosecution of these crimes (excepting those specifically named in the article)
 
 must
 
 be begun, that is,
 
 within a year
 
 after the offense is committed or knowledge thereof is conveyed to the proper authorities. And under the jurisprudence of this state the failure to properly negative prescription under this article is fatal to the indictment or information.
 

 I agree with the conclusion in the majority opinion that the statute under consideration here is unambiguous. It is to be noted that in the first paragraph of Section 8, as amended, it is specifically declared that “no person shall be prosecuted * * * for any offense * * * unless the indictment [or] information * * * for the same be found or filed
 
 within one yecw
 
 after the offense shall have been made known to the judge * * and in the second paragraph of this same article there is the proviso “that in all criminal prosecutions an indictment found, or an information filed * * * before the above prescription has accrued, shall have the effect of interrupting such prescription.” Thus it may be seen that the lawmakers,
 
 *367
 
 in clear and unambiguous language, have declared that the indictment must be found or information filed “within a year” and if not so found or filed
 
 before
 
 that time to interrupt the running of the prescription, no person can be charged with, tried for, or convicted of the offense.
 

 The majority opinion is based primarily, if not entirely, upon the
 
 broad
 
 definition of the preposition “within” found in Webster’s New International Dictionary. In my opinion therein lies the fallacy of the majority opinion for it is elementary that a penal statute must be strictly construed, all doubts being resolved in favor of the accused and against the state. The broad and liberal construction given Article 8 in the majority opinion is not only in direct violation of the universal and cardinal rule of construction just referred to, but it also does violence to the spirit as well as the letter of the law..
 

 Furthermore, I believe that since we are dealing with an element of time in this case, the specific example given in the definition quoted in the majority opinion, i.e., “before the end or since the beginning of; as within an hour,” or, to paraphrase the time element here, “as within a year,” is very appropriate. To construe the phrase “no more than a year” as being equivalent to the phrase “before the end or since the beginning of” a year is not only giving the same a very broad construction, but, in my opinion a somewhat strained one.
 

 I, therefore, respectfully dissent from the majority opinion.